BLANK ROME, LLP
Attorneys for Plaintiffs
BRADE CARRIERS, INC. and
ZENITH MACAO COMMERCIAL OFFSHORE CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADE CARRIERS, INC. and ZENITH MACAO COMMERCIAL OFFSHORE CO. LTD., <br><br> Plaintiffs, <br> -against- <br><br> EL POTRERO MINERALES S.A. DE C.V. and AYIKO CAPITAL I LTD., <br><br> Defendants. | 08 Civ. 6087 (PAC) <br><br> **VERIFIED COMPLAINT** |

Plaintiffs, BRADE CARRIERS, INC. and ZENITH MACAO COMMERCIAL OFFSHORE CO. LTD., their attorneys Blank Rome, LLP, complaining of the above-named Defendants, EL PORTRERO MINERALES S.A. DE C.V. and AYIKO CAPITAL I LTD., allege upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiffs BRADE CARRIERS, INC. ("BRADE") and ZENITH MACAO COMMERCIAL OFFSHORE CO. LTD. ("ZENITH") were and now are foreign corporations with no office or place of business in the United States.

130125.00601/6651643v.1

3. At all material times, Defendant EL POTRERO MINERALES S.A. DE C.V. ("EL PORTRERO") was and is a foreign corporation, with its office at Calle Los Sauces 1054, Fracc Vinedos, 80050 Culiacan, Sinaloa, Mexico, and with no office or place of business in this Judicial District.

4. At all material times, Defendant AYIKO CAPITAL I LTD. ("AYIKO") was and is a foreign corporation, with its office at 3076 Sir Francis Drake's Highway, Road Town, Tortola VG1110, British Virgin Islands, and with no office or place of business in this Judicial District.

## AS A FIRST CLAIM,
## BY ZENITH AGAINST AYIKO

5. On or about November 7, 2007, ZENITH and AYIKO entered into a contract by which AYIKO was to sell and ZENITH was to purchase six shipments of Iron Ore Gravel, to be shipped from Mexico to China ("the Contract").

6. Each shipment was to be 70,000 m.t.

7. Pursuant to the Contract, ZENITH was, among other things, to provide AYIKO with specified notices of the estimated arrival of the carrying vessel, and AYIKO was, among other things, to deliver and load each shipment of Iron Ore Gravel.

8. The maritime provisions of the Contract are separable from the nonmaritime provisions of the Contract.

9. In reliance upon AYIKO's undertaking to provide shipments of 70,000 m.t., ZENITH chartered the M/V SAMSUN CLARET from BRADE to carry a shipment of 70,000 m.t. in May 2008.

10. AYIKO failed to provide 70,000 m.t. of cargo for the SAMSUN CLARET, but shipped only 44,274.215 m.t.

11. In consequence of AYIKO's failure to load 70,000 m.t. of cargo, BRADE has asserted a claim against ZENITH for deadfreight in the sum of $1,461,129.17, for which ZENITH is entitled to be indemnified by AYIKO, together with interest and the costs of defense.

12. The Contract provides for arbitration of disputes in London, and ZENITH reserves its right to arbitrate its claim, pursuant to 9 U.S.C. § 8.

13. Arbitrators in London routinely award interest, and attorneys' and arbitrators' fees to the successful party. ZENITH will recover interest of at least US$391,936 at a rate of 8% compounded quarterly for three years, plus attorneys' fees of at least $250,000 and arbitrators' fees of at least $100,000.

14. The total amount for which ZENITH seeks issuance of Process of Maritime Attachment and Garnishment herein is US$2,203,065.17.

### AS A SECOND CLAIM,
### BY BRADE AGAINST POTRERO AND AYIKO

15. On or about May 11, 2008, BRADE, as disponent owner of the M/V SAMSUN CLARET, lifted a part cargo of 44,274.215 m.t. of the Iron Ore Gravel of the 70,000 m.t. that was to have been provided by AYIKO under the Contract, and issued a bill of lading for the carriage of said cargo from Mexico to China.

16. The said cargo was supplied in the first instance by EL POTRERO, which therefore was named as the shipper in the bill of lading.

17. Upon information and belief, the bill of lading may have been negotiated to AYIKO, who continues to hold the bill of lading.

18. Accordingly, EL POTRERO and AYIKO are parties to the bill of lading contract with BRADE.

19. The bill of lading incorporates the terms of the charter party pursuant to which the voyage was performed, including its clause providing for arbitration in London, England, under English law.

20. Pursuant to English law, the shipper and bill of lading holder are liable to the carrier for freight.

21. Freight in the sum of US$3,054,921 on the quantity of cargo lifted and covered by the bill of lading remains unpaid, and BRADE is entitled to judgment in said amount against EL POTRERO and/or AYIKO.

22. BRADE reserves its right to arbitrate its claim, pursuant to 9 U.S.C. § 8.

23. Arbitrators in London routinely award interest, arbitrators' fees, and legal fees and costs to the successful party. BRADE estimates it will recover interest of at least US$819,458 at a rate of 8% compounded quarterly for a period of three years, plus attorneys' fees of at least US$250,000, and arbitrators' fees of at least US$100,000.

24. The total amount for which BRADE seeks issuance of Process of Maritime Attachment and Garnishment is $4,224,379.

25. The total combined amount for which both ZENITH and BRADE seek issuance of Process of Maritime Attachment and Garnishment against AYIKO under the Fist and Second Claims is **US$6,427,444.17**.

26. The total amount for which BRADE seeks issuance of Process of Maritime Attachment and Garnishment against EL POTRERO under the Second Claim is US$4,224,379

27. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action,

assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendants conduct business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiffs pray:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$6,427,444.17** to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the London arbitration award.

      D.      That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: New York, NY
          July 2, 2008

                        Respectfully submitted
                        BLANK ROME, LLP
                        Attorneys for Plaintiffs
                        BRADE CARRIERS, INC. and ZENITH MACAO
                        COMMERCIAL OFFSHORE CO. LTD.

                        By _____
                           Jack A. Greenbaum (JG 0039)
                        The Chrysler Building
                        405 Lexington Ave.
                        New York, NY  10174-0208
                        (212) 885-5000
                        jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiffs.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiffs are that Plaintiffs are foreign corporations, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiffs.

_____
Jack A. Greenbaum

Sworn to before me this
2nd day of July, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30 4703...
Certificate... in Nassau Cty.
Commission... New York County
Nov 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiffs
BRADE CARRIERS, INC. and
ZENITH MACAO COMMERCIAL OFFSHORE CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADE CARRIERS, INC. and ZENITH MACAO COMMERCIAL OFFSHORE CO. LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> EL POTRERO MINERALES S.A. DE C.V. and AYIKO CAPITAL I LTD., <br><br> Defendants. | 08 Civ. 6087 (PAC) <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                     ) ss:
COUNTY OF NEW YORK  )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiffs herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiffs' request for the issuance of process of maritime attachment and garnishment of the property of defendants, EL POTRERO MINERALES S.A. DE C.V. and AYIKO CAPITAL I LTD. ("Defendants"), foreign

130125.00601/6651645v.1

corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendants are parties to a maritime contract of charter party and are foreign corporations, with no offices or places of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
2nd day July, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2009

2

130125.00601/6651645v.1